UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
PADUCAH DIVISION
CIVIL ACTION NO. 5:10-CV-00175


DELORNE MARKEITH GUIDEN                                          Plaintiff

v.

LEATT CORPORATION                                               Defendant


**MEMORANDUM OPINION AND ORDER**

This matter is before the Court upon Defendant Leatt Corporation's (Leatt) "Motion to Alter or Amend Magistrate Judge's Opinion at Docket Number 67." (Docket No. 69.) In its instant Motion, Leatt objects to a discovery order of the Magistrate Judge that granted Plaintiff Delorne Markeith Guiden's motion to compel production of certain deposition transcripts and expert reports. In essence, Leatt argues that the Magistrate erred in determining the relevancy of the propounded discovery, did not correctly apply the facts to the protective-order issue, and failed to properly weigh the burden and expense of production against the likely benefit. Guiden has responded, (Docket No. 74), and Leatt has replied, (Docket No. 77). This matter is now ripe for adjudication. For the reasons that follow, Leatt's Motion will be DENIED.


BACKGROUND

The Court previously referred this matter to the Magistrate Judge for ruling on all discovery motions. (*See* Docket No. 57.) At issue here is the Magistrate Judge's Order of April 30, 2013, in which the Magistrate Judge granted Guiden's motion to compel Leatt to produce certain deposition transcripts and expert reports from other personal

injury lawsuits concerning the same or similar Leatt products as is at issue in this litigation. (Docket No. 67.) The Magistrate Judge referred to this discovery material as the "Prior Cases Documents." (Docket No. 67, at 1-2.) The Magistrate Judge began by noting Leatt's objections to producing the requested discovery "on the grounds that they are (1) irrelevant; (2) barred by protective orders granted in the prior cases; (3) unreasonably cumulative or duplicative, and Guiden could take the deposition of these witnesses; and (4) the burden of producing the Prior Case Documents outweighs the benefits." (Docket No. 67, at 2.) The Magistrate Judge then proceeded to address each of Leatt's arguments against production.

First, the Magistrate Judge concluded that the Prior Cases Documents sought by Guiden are relevant. (Docket No. 67, at 2.) Citing *Invesco Institutional (N.A., Inc. v. Paas*, 244 F.R.D. 374, 380 (W.D. Ky. 2007), the Magistrate Judge found that Leatt, as the party resisting production, bore the burden of showing that the material sought was not relevant. (Docket No. 67, at 3.) The Magistrate Judge then addressed Leatt's argument that the discovery sought was not relevant because "all accident scenarios are different and are not comparable," concluding:

> Even assuming that all accidents are different, the performance of a brace in one accident may be indicative of how that brace would perform in a similar accident. Additionally, to the extent a deponent discusses manufacturing techniques, materials used, or other production specifics that overlap between braces, that testimony would be relevant. Finally, Plaintiff does present evidence that the other lawsuits against Leatt involve similar injuries and motorcycles accidents.
>
> In short, the Prior Case Documents fall under the "broad" scope of discovery. Unless a privilege or other excuse applies, the Prior Case Documents are discoverable by Guiden.

(Docket No. 67, at 3 (citations omitted) (citing *Lewis v. ACB Bus. Servs.*, 135 F.3d 389 (6th Cir. 1998)).)

Second, the Magistrate Judge proceeded to discuss the four factors courts typically consider when asked to compel discovery that potentially conflicts with a protective order issued by another court. (Docket No. 67, at 4-5.) After addressing each of these factors, the Magistrate Judge concluded that the Prior Cases Documents are not barred from production by another court's protective orders. (Docket No. 67, at 4.)

Third, the Magistrate Judge found that Leatt had not met its burden of establishing that the discovery sought was unreasonably cumulative or duplicative. (Docket No. 67, at 5.) The Magistrate Judge explained that "[p]revious depositions may expose inconsistencies in statements, open new lines of questioning, and disclose witnesses that Guiden may be interested in depositing." (Docket No. 67, at 6.) Thus, the Magistrate Judge concluded that the Prior Case Documents are not unreasonably cumulative or duplicative and that those documents serve a purpose separate from Guiden's own depositions. (Docket No. 67, at 5.)

Fourth, the Magistrate Judge found that the burden of producing the Prior Cases Documents does not outweigh the benefit of producing those documents. (Docket No. 67, at 6.)

Accordingly, the Magistrate Judge ultimately granted Guiden's motion to compel and ordered that Leatt produce the requested discovery within 21 days. (Docket No. 67,

at 6-7.)  Fourteen days later, on May 14, 2013, Leatt filed its instant Motion to Alter or Amend the Magistrate Judge's ruling. (Docket No. 69.)[1]

## STANDARD OF REVIEW

This matter was referred to the Magistrate Judge pursuant to 28 U.S.C. § 636, which Congress specifically enacted to relieve the burden of the federal courts by permitting assignment of certain duties to magistrate judges. *Gomez v. United States*, 490 U.S. 858, 869-70 (1989). Section 636(b) identifies the powers that may be assigned to magistrates by the district court. It also sets out the applicable standard of review for objections to the ruling of a Magistrate Judge on such assigned matters. See 28 U.S.C. § 636(b) ("A judge of the court may reconsider any pretrial matter under subparagraph (A) [relating to nondispositive orders] where it has been shown that the magistrate's order is clearly erroneous or contrary to law.").  In *United States v. Curtis*, the Sixth Circuit explained:

> Thus, § 636(b) creates two different standards of review for district courts when a magistrate court's finding is challenged in district court. A district court shall apply a "clearly erroneous or contrary to law" standard of review for the "nondispositive, preliminary measures of § 636(b)(1)(A)." *United States v. Raddatz*, 447 U.S. 667, 673 (1980). Conversely, "dispositive motions" accepted from § 636(b)(1)(A), such as motions for summary judgment or for the suppression of evidence, are governed by the *de novo* standard. *Id.* at 674.

237 F.3d 598, 603 (6th Cir. 2001).  The language of Fed. R. Civ. P. 72 "has implemented this statutory provision." *Callier v. Gray*, 167 F.3d 977, 980 (6th Cir. 1999). The relevant

---

[1] The Court further notes that at present, it appears Leatt has not yet complied with the Magistrate Judge's Order and, despite filing its instant Motion, has not specifically filed a motion to stay enforcement of the Magistrate Judge's Order.

portion of Rule 72 provides in subsection (a) that this Court shall consider objections to a magistrate judge's order on a nondispositive matter and "shall modify or set aside any portion of the magistrate judge's order found to be clearly erroneous or contrary to law." Fed. R. Civ. P. 72(a).

This Circuit holds that this standard of review is a limited one. *See Massey v. City of Ferndale*, 7 F.3d 506, 509 (6th Cir. 1993) ("When a magistrate judge determines a non-excepted, pending pretrial matter, the district court has the authority to 'reconsider' the determination, but under a limited standard of review.") (citing 28 U.S.C. § 636(b)(1)(A)); *see generally* Charles Alan Wright, Arthur R. Miller & Richard L. Marcus, *Federal Practice & Procedure*, § 3068 (West 2007) (Rule 72 is designed to implement the legislative mandate of Section 636(b)(1), the provision in the 1976 amendments to the Act that clarified and expanded the authority that a district court may delegate to a magistrate judge in pretrial matters.).

Several decisions from the courts of this circuit discuss the "clearly erroneous" and the "contrary to law" standard found in § 636(b)(1)(A) and Rule 72(a). In *Tri-Star Airlines, Inc. v. Willis Careen Corp. of L.A.*, our sister district court for the Western District of Tennessee explained:

> A judicial finding is deemed to be clearly erroneous when it leaves the reviewing court with 'a definite and firm conviction that a mistake has been committed.' *Heights Community Congress v. Hilltop Realty, Inc.,* 774 F.2d 135, 140 (6th Cir. 1985). Under the clearly erroneous standard, a court reviewing a magistrate judge's order should not ask whether the finding is the best or the only conclusion that can be drawn from the evidence. Further, this standard does not permit the reviewing court to substitute its own conclusion for that of the magistrate judge. Rather, the clearly

> erroneous standard only requires the reviewing court to determine if there is any evidence to support the magistrate judge's finding and that the finding was reasonable. *Id.*

75 F. Supp. 2d 835, 839 (W.D. Tenn. 1999); *see also In re Search Warrants Issued Aug. 29, 1994*, 889 F. Supp. 296, 298 (S.D. Ohio 1995) ("Review under Rule 72(a) provides 'considerable deference to the determination of the magistrates.' A finding is clearly erroneous only when the reviewing court is left with a definite and firm conviction that a mistake has been committed." (citations omitted)).

Numerous other federal courts have commented on the discretion afforded to magistrate judges under Rule 72(a) when resolving the discovery disputes. *See e.g.*, *Carmona v. Wright*, 233 F.R.D. 270, 276 (N.D.N.Y. 2006) ("Because the nondispositive review standard is highly deferential, magistrate judges have broad discretion to regulate nondispositive matters, and reversal is warranted only if that discretion is abused. Although legal authority may support an objection, the critical inquiry is whether there is legal authority that supports the magistrate's conclusion, in which there is no abuse of discretion. That reasonable minds may differ on the wisdom of a legal conclusion does not mean it is clearly erroneous or contrary to law."); *Neighborhood Dev. Collaborative v. Murphy*, 233 F.R.D. 436, 438 (D. Md. 2005) ("Court[s] have consistently found discovery motions to be non-dispositive within the meaning of Rule 72(a). A district court owes substantial deference to a magistrate judge in considering a magistrate judge's ruling on a non-dispositive motion." (citations omitted)); *Am. Rock Salt Co., LLC v. Norfolk S. Corp.*, 371 F. Supp. 2d 358, 360 (W.D.N.Y. 2005) ("The party seeking to reverse a magistrate judge's ruling concerning discovery bears a heavy burden, in part because the magistrate judge is afforded broad discretion in these matter."); *Marks v.*

*Struble*, 347 F. Supp. 2d 136, 149 (D.N.J. 2004) ("A magistrate judge is accorded wide discretion in addressing non-dispositive motions. A court may not reverse, modify, or vacate a magistrate judge's order adjudicating a nondispositive motion unless that order is clearly erroneous or contrary to law. This is so even if we would have decided the issue differently."); *Estates of Ungar & Ungar, ex rel. Strichman v. Palestinian Auth.*, 325 F. Supp. 2d 15, 25 (D.R.I. 2004) ("In conducting . . . [its] review, the district court must refrain from second guessing the magistrate judge's pre-trial discovery rulings."); *EEOC v. First Wireless Grp., Inc.*, 225 F.R.D. 404, 405 (E.D.N.Y. 2004) ("A magistrate judge's resolution of discovery disputes deserves substantial deference and is overruled only if there is an abuse of discretion."); *Lithuanian Commerce Corp. v. Sara Lee Hosiery*, 177 F.R.D. 205, 214 (D.N.J. 1997) (remarking that the deferential standard of review under Rule 72(a) is "especially appropriate where the magistrate judge has managed [a] . . . case from the outset and developed a thorough knowledge of the proceedings.").

A different standard applies when the district court examines the legal conclusions of a magistrate judge. The legal conclusions of a magistrate judge "are reviewed under the plenary 'contrary to law' standard." *Haworth, Inc. v. Herman Miller, Inc.*, 162 F.R.D. 289, 291 (W.D. Mich. 1995) (citing *Gandee v. Glaser*, 785 F. Supp. 684, 686 (S.D. Ohio 1992), *affirmed*, 19 F.3d 1432 (6th Cir. 1994)). Legal conclusions of the magistrate judge that contradict or ignore applicable precepts of law found in the Constitution, statutes, or case precedent may be overturned. *Gandee*, 785 F. Supp. at 686 (citing *Adolph Coors Co. v. Wallace*, 570 F. Supp. 202, 205 (N.D. Cal. 1983)). Accordingly, a district court must exercise its independent judgment with respect to the legal conclusions of a magistrate judge on review pursuant to Fed. R. Civ. P. 72(a). *Id.* (citing *Hawkins v. Ohio Bell Tel.*

*Co.*, 93 F.R.D. 547, 551 (S.D. Ohio 1982), *affirmed*, 785 F.2d 308 (6th Cir. 1986)); *see also In re Natural Gas Commodities Litig.*, 232 F.R.D. 208, 211 (S.D.N.Y. 2005) ("An order may be deemed 'contrary to law' when it 'fails to apply or misapplies relevant statutes, case law, or rules of procedure.' ") (citing *Catskill Dev., LLC v. Park Place Entm't Corp.*, 206 F.R.D. 78, 86 (S.D.N.Y. 2002)).

Furthermore, the filing of an objection does not automatically stay a Magistrate Judge's order to produce discovery. *See City of Ecorse v. U.S. Steel*, 2008 WL 686241, at *1 (E.D. Mich. Mar. 13, 2008). "Merely filing a motion for such relief does not excuse the moving party from fully complying with the order appealed from until a court grants a stay and relieves the party of its obligation to comply with a challenged order." *Id.* (quoting *Am. Rock Salt Co.*, 371 F. Supp. 2d at 360; *see also Litton Indus., Inc. v. Lehman Bros. Kuhn Loeb Inc.*, 124 F.R.D. 75, 78-79 (S.D.N.Y. 1989) (finding that the filing of objections to a magistrate judge's order does not automatically stay the order). *See generally Maness v. Meyers*, 419 U.S. 449, 458 (1975) ("We begin with the basic proposition that all orders and judgments of courts must be complied with promptly. If a person to whom a court directs an order believes that order is incorrect the remedy is to appeal, but, absent a stay, he must comply promptly with the order pending appeal.").

## DISCUSSION

In their instant Motion, Leatt raises five principal challenges to the Magistrate Judge's Order: (1) the Magistrate Judge did not make a determination whether the material sought appeared to be relevant and, in failing to do so, improperly assigned the burden to Leatt to establish that the discovery being sought was outside the scope of relevance; (2) the Magistrate Judge incorrectly applied the facts to the protective-order

issue; (3) the Magistrate Judge improperly applied the relevance standard to the question whether the discovery sought was cumulative or duplicative; (4) the Magistrate Judge erred in concluding that the burden and expense were outweighed by the likely benefit; and (5) the Magistrate Judge's opinion is unclear. (Docket No. 69-1, at 6-13.) The Court will briefly address each in turn.

## I.

First, the Magistrate Judge's analysis of relevancy was neither clearly erroneous nor contrary to law. Leatt's contends: "As a threshold matter, the Court must determine whether 'the material sought appears to be relevant.' The Court did not make that determination in this case." (Docket No. 69-1, at 6 (quoting *Invesco*, 244 F.R.D. at 380).) Leatt further argues that because the Magistrate Judge failed to determine whether the discovery appeared to be relevant, he erred by not assigning the burden to Guiden to show that the discovery sought was, in fact, relevant. Leatt's argument is without merit. The Magistrate Judge expressly stated in the first heading of his discussion: "**The Prior Cases Documents Sought by Guiden are Relevant.**" (Docket No. 67, at 2.) The Magistrate Judge thus determined not only that the material *appeared* to be relevant but also that it *was* relevant. It follows that the Magistrate Judge properly assigned the burden to Leatt, as the party resisting production, to demonstrate that the requested discovery "does not come within the scope of relevance or is of such marginal relevance that the potential harm resulting from production outweighs the presumption in favor of broad disclosures." *Invesco*, 244 F.R.D. at 380. Accordingly, the Court finds that the Magistrate Judge's conclusion was neither clearly erroneous nor contrary to law.

## II.

Second, the Magistrate Judge's analysis of the protective-order issue was neither clearly erroneous nor contrary to law. Leatt's principal contention here is that the Magistrate Judge failed to accord proper deference and comity to a protective order entered by the Northern District of Ohio in the case *Barrington v. Leatt Corp.*, No. 5:11CV2759. (Docket No. 60-3, at 13-15.) In *Barrington*, the plaintiff sought a "sharing" protective order that would allow him to share discovery with counsel for similarly situated plaintiffs in other matters. (*See* Docket No. 60-3, at 13.) The court denied that request, finding that the plaintiff had failed to demonstrate a need to share the confidential information that would be provided in discovery with similarly situated plaintiffs in other cases. (Docket No. 60-3, at 15.) Thus, the particular issue there was whether that plaintiff could share the confidential information produced by Leatt with other plaintiffs. Even according all due deference and comity to the Northern District of Ohio, its adjudication of that issue is inapposite here because the protective order in that case considered the sharing issue solely from the perspective of whether the *Barrington* plaintiff should be permitted to share information with other plaintiffs. In the case at hand, Guiden is not requesting discovery from the *Barrington* plaintiff or any other non-Leatt party, which would be the only way Guiden could run afoul of the Northern District of Ohio's protective order.

Furthermore, since briefing was completed on Leatt's instant Motion, this Court entered an Agreed Protective Order governing the designation and disclosure of confidential information disclosed in this case, (Docket No. 28), which should serve to alleviate any further concerns Leatt may have over producing discovery it wishes to

remain confidential. Accordingly, the Court is satisfied that the Magistrate Judge's analysis of the protective-order issue was neither clearly erroneous nor contrary to law.

III.

Third, the Magistrate Judge's analysis of whether the discovery sought by Guiden is unreasonably cumulative or duplicate was neither clearly erroneous nor contrary to law. The arguments now advanced by Leatt appear to be the exact same arguments previously considered and rejected by the Magistrate Judge. The Magistrate Judge did not abuse his discretion in rejecting those arguments, and the Court finds no basis to suggest that the Magistrate Judge's decision was clearly erroneous or contrary to law.

IV.

Fourth, the Magistrate Judge's analysis of whether the burden and expense outweigh the likely benefit was neither clearly erroneous nor contrary to law. The Magistrate Judge noted that his Order granting Guiden's motion to compel "pertains to deposition transcripts and expert reports that already exist in the specific lawsuits listed below" before expressly concluding that the production sought was not overly burdensome. The Magistrate Judge further noted that Leatt's duty to supplement its discovery responses, should further documents be created in other litigation, is governed by Fed. R. Civ. P. 26(e)(2). The Magistrate Judge then declined to preemptively address disputes over such production, stating, "[s]hould a dispute arise over production [of] additional documents, the Court will address it when there is an actual controversy." (Docket No. 67, at 6.)

In its instant Motion, Leatt repeats verbatim the arguments it previously made to the Magistrate Judge. (*Compare* Docket No. 69-1, at 11-13, *with* Docket No. 60, at 10-

12.) Those arguments were considered and implicitly rejected by the Magistrate Judge's April 30 Order. The Magistrate Judge did not abuse his discretion in finding Leatt's arguments unpersuasive. Accordingly, the Court finds no basis to conclude that the Magistrate Judge's decision is clearly erroneous or contrary to law.

V.

Fifth, Leatt closes by arguing that the Magistrate Judge's opinion is unclear because it: "does not address the difference between current and former employees. Leatt believes that it only addressed current employees." (Docket No. 69-1, at 13.) The Court reads no such distinction in the Magistrate Judge's Order, which plainly states, without qualification, that "Leatt shall produce from each case listed below (a) the deposition transcripts and exhibits of *each employee actually deposed*." (Docket No. 67, at 6 (emphasis added).)

VI.

As a final matter, the Court notes that Leatt has not filed a motion to stay enforcement of the Magistrate Judge's Order and, as of the time Guiden responded to Leatt's instant Motion, had not produced the discovery ordered by the Magistrate Judge. Leatt thus is in violation of that Order at this time. *See, e.g.*, *City of Ecorse*, 2008 WL 686241, at *1.

CONCLUSION

Therefore, having considered the Magistrate Judge's Order and Leatt's instant Motion, and having found that the Magistrate Judge's decision to grant Plaintiff Guiden's motion to compel was neither clearly erroneous nor contrary to law;

IT IS HEREBY ORDERED that Defendant Leatt Corporation's "Motion to Alter or Amend Magistrate Judge's Opinion at Docket Number 67," (Docket No. 69), is DENIED. Leatt shall comply with the Magistrate Judge's Order by immediately producing the discovery materials as ordered by the Magistrate Judge.

IT IS SO ORDERED.


Date:

cc:     Counsel